# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

MARVIN EDWARD LONG,       )
                          )
     Plaintiff,           )
                          )
          vs.             )     CAUSE NO. 3:16-CV-846
                          )
CITY OF ELKHART, and      )
JASON RAY,                )
                          )
     Defendants.          )

## OPINION AND ORDER

This matter is before the Court on the Amended Complaint filed by Marvin Edward Long, a pro se prisoner, on January 3, 2017. For the reasons set forth below, the Court: (1) **GRANTS** Marvin Edward Long leave to proceed against Officer Jason Ray in his individual capacity for compensatory and punitive damages for using excessive force against him by allowing his police dog to bite Long on October 20, 2016, in violation of the Fourth Amendment; (2) **DISMISSES** all other claims; (3) **DISMISSES** the City of Elkhart; (4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Officer Jason Ray with a copy of this order and the amended complaint (DE 9) as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Jason Ray respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for

which the plaintiff has been granted leave to proceed in this screening order.

DISCUSSION

Long alleges that Jason Ray used excessive force against him when Ray's police dog bit him while he was being arrested on October 20, 2016. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Long alleges that while hiding from the police in a cornfield by a county road, Officer Ray's police dog saw him lying prone with his hands out in front of him about 50 feet away.

> Jason Ray, his K9, and the other officers ran up to me screaming don't move. I didn't move. When they got close enough to me the K9 started his attack biting me on the

2

right hand, right forearm, right upper arm, and shoulder.

DE 9 at 2.

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396.

Though Officer Ray may have been justified in having his police dog attack Long, based on the facts alleged in the complaint, it is unclear why he did so. Therefore Long will be granted leave to proceed against Officer Ray in his individual capacity.

Long also sues the City of Elkhart. However he does not name the city in the body of his complaint nor give any indication why he believes it should be financially liable to him based on these events. Though Officer Ray was employed by the City of Elkhart,

3

there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore the city will be dismissed.

CONCLUSION

For the reasons set forth above, the court: (1) **GRANTS** Marvin Edward Long leave to proceed against Officer Jason Ray in his individual capacity for compensatory and punitive damages for using excessive force against him by allowing his police dog to bite Long on October 20, 2016, in violation of the Fourth Amendment; (2) **DISMISSES** all other claims; (3) **DISMISSES** the City of Elkhart; (4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Officer Jason Ray with a copy of this order and the amended complaint (DE 9) as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Jason Ray respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: April 18, 2017**  /s/RUDY LOZANO, Judge
**United States District Court**